[No. 2298.   Decided June 21, 1897.]

WALLACE H. MOORE, *as Assignee, Respondent*, v. ED-
WARD L. TERRY *et al., Appellants*.

CHATTEL MORTGAGES — PRIORITY OF LIEN — PREFERENCE GIVEN LABOR
CLAIMANTS.

Where a chattel mortgage is given upon partnership furniture
to secure the payment of rent under a lease of hotel property,
with an agreement that all furniture subsequently added should
be included within the mortgage; and by a dissolution of the
partnership one of the partners continues the business alone with
the consent of the lessors, but without any new agreement being
entered into between them, and places his individual furniture in
the hotel, the mortgagee is not entitled to a lien thereon as against
claimants having a preference for labor performed within sixty
days, accorded them by the terms of Gen. Stat., § 3122, in case of
the insolvency of their employer.

Appeal from Superior Court, King County.—Hon.
J. W. LANGLEY, Judge.   Affirmed.

*Carr & Preston*, for appellants.
*Boyer & Guie*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The appellants are the successors in inter-
est of themselves and one Frye, who with their wives
executed a lease of a hotel and certain furniture therein
to Dodge & Smith, as copartners.   The lease also contained
a chattel mortgage whereby said Dodge & Smith, to secure
the payment of the rent stipulated in the lease, mortgaged
certain furniture which they had at the time in the build-
ing.   It also contained a further provision that the mort-
gage should cover all furniture thereafter put in by them.
Dodge & Smith conducted a hotel under the terms of the
lease for some time thereafter, when the partnership ex-

isting between them was dissolved. Smith withdrew and Dodge thereafter conducted the business. This was done with the knowledge and consent of the lessors, although no new express agreement was thereafter entered into between them, verbal or otherwise. Dodge continued to pay the same rent as the lease provided for. After operating the hotel for some time, he made an assignment for the benefit of his creditors. At that time he was owing a considerable amount for the rent of the building, and he was also indebted to divers persons for services rendered in conducting said hotel business, which were rendered within sixty days prior to the assignment and are preferred claims under § 3122, vol. 1 of the Code. After the dissolution of said copartnership, Dodge placed certain furniture in the building, belonging to him individually, and the contest is as to whether the appellants are entitled to this furniture under their said mortgage, or whether it must be devoted to the payment of the other claims referred to. The case was tried upon an agreed statement of facts, and the lower court found in favor of the labor claimants. Under an arrangement between the parties, the furniture had been taken by the appellants at the agreed value of $290. The amount due the appellants for rent, and the aggregate amount of claims of the laborers, each exceeds this sum.

There is a serious question as to whether the mortgage given by the partnership could be held to cover the individual goods of one of the partners, although placed in the building and used in the business as these were. But even if it was sufficient as a basis for, or to create, a lien upon the property in question in favor of the appellants as against Dodge, we do not think the same rule should follow as against his creditors, particularly the preferred claimants. It is conceded that they had no actual knowledge of the

mortgage, but only such constructive notice as was given by its being recorded as a chattel mortgage. It did not in terms cover the individual property of Dodge, and as against him could at most only have been regarded as an agreement for a lien or as creating an equitable lien upon such property. The appellants contend that the assignee could have no greater rights than Dodge himself had in the premises, and that if a lien could be maintained as against Dodge, it must be held good in this instance; and authorities are cited upon the proposition that an assignee can have no greater rights than the insolvent had. But, under the holdings of this court, such a rule does not obtain here, for the assignee represented the creditors as well as the insolvent, and could assert such rights as the respective creditors could have asserted in case of a direct action. *Mansfield v. National Bank*, 5 Wash. 665 (32 Pac. 789, 999).

We are of the opinion that the decision of the lower court was right in finding that no lien under the mortgage could be had upon the property in question as against the claims of these laborers, and that is the only question necessary to pass upon here.

Affirmed.

REAVIS, ANDERS, DUNBAR and GORDON, JJ., concur.